Case 3:05-cv-01741-N Document 1 Filed 08/29/05 Page 1 of 7 PageID 1

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG 29 2005

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT T. NELSON, | § | |
| Plaintiff, | § | |
| | § | |
| -v- | § | Case No. 3-05CV1741-N |
| | § | |
| UNIVERSITY OF TEXAS AT DALLAS, | § | |
| Defendant | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE;

Robert T. Nelson sues University of Texas at Dallas ("UTD") because UTD terminated him while he was on FMLA leave. Mr. Nelson went on FMLA leave after he was severely injured in a car accident and his son committed suicide. Mr. Nelson had the serious medical conditions of rib fractures, depression, anxiety, and severe fatigue. Mr. Nelson completed all FMLA related documents given to him by UTD. Mr. Nelson started FMLA leave April 25, 2005. On May 25, 2005, Dr. David Lee filled out a FMLA Certification of Health Care Provider, a form created by the Department of Labor and given to Mr. Nelson by UTD. Dr. Lee stated that Mr. Nelson was "currently incapacitated at least for 4-6 weeks." Dr. Lee also stated that Mr. Nelson would need additional intermittent or less than full schedule leave. Despite this notice, UTD fired Mr. Nelson on June 7, 2005 for absenteeism. Mr. Nelson's prior attorney, Bob Baskett, contacted UTD prior to the expiration of Mr. Nelson's twelve weeks of FMLA leave. However, UTD refused to correct their error or reinstate Mr. Nelson to his position at the end of twelve weeks.

Mr. Nelson respectfully shows the following:

## I.
## PARTIES

1. Mr. Nelson is an individual who resides at 2402 Brownlee Blvd., Rowlett, TX 75088.

2. UTD is a coeducational institution of higher education located in the city of Richardson. UTD is organized under TEX. EDUC. CODE § 109.01. UTD may be served with process by serving the administrative head of the governmental unit being sued, David E. Daniel, at 800 West Campbell Rd., Richardson, TX 75080.

## II.
## JURISDICTION AND VENUE

3. Jurisdiction is proper because UTD is part of the government of Texas and has its primary place of business in Richardson, Texas. An exercise of jurisdiction will not offend traditional notions of fair play and substantial justice.

4. Venue is appropriate in the Northern District of Texas because the acts giving rise to this suit occurred in Richardson, Dallas County, Texas.

## III.
## FACTS

5. Mr. Nelson worked for UTD for over a year prior to his taking of FMLA leave. In that time, Mr. Nelson worked more than 1,250 hours. Mr. Nelson worked at the Richardson campus at 800 West Campbell Rd., Richardson, TX 75080. UTD has over fifty employees within seventy-five miles of the Richardson campus.

6. On April 18, 2005, Mr. Nelson's son committed suicide. On April 25, 2005, Mr. Nelson was broadsided by an uninsured driver who ran a red light. This car collision left Mr. Nelson with three fractured ribs, bruised spleen, pneumonia, and sever pain.

7. Following the car collision, Mr. Nelson contacted UTD and notified them of his need for medical leave. Mr. Nelson followed up with requests for medical leave from doctors on April 28, 2005 and May 3, 2005.

8. On May 19, 2005, Mr. Nelson received a Certification of Health Care Provider form from Vivian Rutledge, Manager of Employment. Dr. David Lee completed this form on May 25, 2005 and transmitted it to UTD.

9. The Certification of Health Care Provider clearly states "Pt. currently incapacitated at least for 4-6 weeks." The Certification of Health Care Provider also states that Mr. Nelson will require intermittent or less than full schedule work.

10. On June 1, 2005, Ms. Rutledge completed the DOL standardized Employer Response to Employee form. Ms. Rutledge notes on the form that the Certification of Health Care Provider form was provided May 26, 2005.

11. On June 7, 2005, Ms. Karen M. Jarrell sent a letter to Mr. Nelson stating that he was fired effective June 3, 2005 for not showing up to work for three consecutive days.

12. On June 21, 2005, Bob Baskett, Mr. Nelson's attorney at the time, sent a letter notifying UTD of its error and requesting a meeting. Although Mr. Nelson's twelve weeks of FMLA leave had not expired, UTD refused to correct its error, refused to reinstate Mr. Nelson, and refused to meet with Mr. Baskett.

## IV.
## VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

13. Mr. Nelson is an eligible employee under the FMLA. Mr. Nelson for a year prior to April 25, 2005. In the year preceding April 25, 2005, Mr. Nelson worked 1,250 hours.

14. UTD is a qualifying employer under the act. Mr. Nelson's worksite was 800 West Campbell Rd., Richardson, TX 75080. UTD had fifty employees within seventy-five miles of Mr. Nelson's worksite.

15. Mr. Nelson was entitled to leave for his own serious health condition. Mr. Nelson had a period of incapacity of more than three calendar days. Mr. Nelson sought treatment two or more times by a health care provider. Mr. Nelson sought treatment at least once by a health care provider that resulted in a regimen of continuing treatment under the supervision of the health care provider.

16. Mr. Nelson was entitled to up to twelve weeks of leave starting April 25, 2005.

17. Mr. Nelson was eligible for leave on June 1, 2005, June 2, 2005, and June 3, 2005.

18. UTD fired Mr. Nelson effective June 3, 2005.

19. Mr. Nelson was entitled to return to the same position he held when his leave commenced, or an equivalent position with equivalent benefits, pay, and other terms and conditions of employment.

20. UTD refused to reinstate Mr. Nelson at the conclusion of his FMLA leave.

V.
DAMAGES

21. Mr. Nelson is entitled to economic damages in an amount of approximately $186,200 for lost wages, including back pay and front pay. Mr. Nelson is entitled to economic damages in an amount of approximately $630,000 for lost benefits.

22. Mr. Nelson is entitled to interest at the maximum rate allowed by law.

23. Mr. Nelson is entitled to liquidated damages equal to the sum of the lost wages and benefits or actual monetary losses and interest.

24. In the alternative, Mr. Nelson pleads that he is entitled to hiring, reinstatement, and/or promotion.

## VI.
## CONDITIONS PRECEDENT

25. All conditions precedent to the bringing of this suit have been satisfied or have been fulfilled.

## VII.
## JURY DEMAND

26. Plaintiff demands a trial by jury and tenders the appropriate fee.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and that upon a trial on the merits that Plaintiff be awarded the relief requested in this Complaint and such other and further relief to which he may be justly entitled.

Respectfully submitted,
ROB WILEY, P.C.

By: _____
Robert J. Wiley
Texas Bar No. 24013750
TBLS – Board Certified Specialist
Labor and Employment Law
Turtle Creek Tower 650
3131 Turtle Creek Boulevard
Dallas, Texas 75219
Telephone: (214) 528-6500
Facsimile: (214) 528-6511
Attorney for Plaintiff
Robert T. Nelson

## CERTIFICATE OF INTERESTED PARTIES

The following have an interest in this case:

1. Mr. Robert T. Nelson, 2402 Brownlee Blvd., Rowlett, TX 75088.

2. The University of Texas at Dallas, 800 West Campbell Rd., Richardson, TX 75080.

3. Mr. Robert J. Wiley and the law office of Rob Wiley, P.C., 3131 Turtle Creek Blvd., Ste. 650, Dallas, TX 75219

JS 44 (Rev 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM)

## I. (a) PLAINTIFFS
Robert T. Nelson

## DEFENDANTS
University of Texas at Dallas

**(b)** County of Residence of First Listed Plaintiff __Dallas__
(EXCEPT IN U S PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U S PLAINTIFF CASES ONLY)
NOTE IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

FILED AUG 29 2005 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Robert J. Wiley, Rob Wiley, P.C., 3131 Turtle Creek Blvd, Ste. 650, Dallas, TX 75219 (214) 528) 6500

Attorneys (If Known)

**3-05CV1741-N**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U S Government Plaintiff
☒ 3 Federal Question (U S Government Not a Party)
☐ 2 U S Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl Ret Inc Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer w/Disabilities - Other | ☐ 550 Civil Rights | | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

Cite the U S Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity)

## VI. CAUSE OF ACTION
Brief description of cause Wrongful termination under the Family Medical Leave Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F R C P 23
DEMAND $
CHECK YES only if demanded in complaint
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____
DOCKET NUMBER _____

DATE August 26, 2005
SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG JUDGE ___