IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT T. NELSON, | § | |
|     Plaintiff, | § | |
| | § | |
| -v- | § | Civil Action No. 3:05-CV-1741-N |
| | § | |
| DAVID E. DANIEL, as administrative head | § | |
| of the University of Texas at Dallas, | § | |
|     Defendant | § | |

## PLAINTIFF'S SECOND AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE;

Robert T. Nelson sues University of Texas at Dallas ("UTD"), Vivian Rutledge, Karen M. Jarrell, and David E. Daniel because UTD terminated Mr. Nelson while he was on FMLA leave. Mr. Nelson went on FMLA leave after he was severely injured in a car accident and his son committed suicide. Mr. Nelson had the serious medical conditions of rib fractures, depression, anxiety, and severe fatigue. Mr. Nelson completed all FMLA related documents given to him by UTD. Mr. Nelson started FMLA leave April 25, 2005. On May 25, 2005, Dr. David Lee filled out a FMLA Certification of Health Care Provider, a form created by the Department of Labor and given to Mr. Nelson by UTD. Dr. Lee stated that Mr. Nelson was "currently incapacitated at least for 4-6 weeks." Dr. Lee also stated that Mr. Nelson would need additional intermittent or less than full schedule leave. Despite this notice, UTD fired Mr. Nelson on June 7, 2005 for absenteeism. Mr. Nelson's prior attorney, Bob Baskett, contacted UTD prior to the expiration of Mr. Nelson's twelve weeks of FMLA leave. However, UTD refused to correct their error or reinstate Mr. Nelson to his position at the end of twelve weeks.

Mr. Nelson respectfully shows the following:

I.
PARTIES

1.      Mr. Nelson is an individual who resides in Rowlett, TX 75088.

2.      David E. Daniel is an individual who is sued in his capacity as administrative head of the University of Texas at Dallas.

II.
JURISDICTION AND VENUE

3.      Jurisdiction is proper because UTD has its primary place of business in Richardson, Texas.  An exercise of jurisdiction will not offend traditional notions of fair play and substantial justice.

4.      Venue is appropriate in the Northern District of Texas because the acts giving rise to this suit occurred in Richardson, Dallas County, Texas.

III.
FACTS

5.      Mr. Nelson worked for UTD for over a year prior to his taking of FMLA leave. In that time, Mr. Nelson worked more than 1,250 hours.  Mr. Nelson worked at the Richardson campus at 800 West Campbell Rd., Richardson, TX 75080.  UTD has over fifty employees within seventy-five miles of the Richardson campus.

6.      UTD is a public agency, a term that includes state governments, political subdivisions, and agencies.

7.      On April 18, 2005, Mr. Nelson's son committed suicide.  On April 25, 2005, Mr. Nelson was broadsided by an uninsured driver who ran a red light.  This car collision left Mr. Nelson with three fractured ribs, bruised spleen, pneumonia, and sever pain.

8.      Following the car collision, Mr. Nelson contacted UTD and notified them of his need for medical leave.  Mr. Nelson followed up with requests for medical leave from doctors on April 28, 2005 and May 3, 2005.

9.      On May 19, 2005, Mr. Nelson received a Certification of Health Care Provider form from Vivian Rutledge, Manager of Employment.  Dr. David Lee completed this form on May 25, 2005 and transmitted it to UTD.

10.     The Certification of Health Care Provider clearly states "Pt. currently incapacitated at least for 4-6 weeks."  The Certification of Health Care Provider also states that Mr. Nelson will require intermittent or less than full schedule work.

11.     Four to six weeks from May 25, 2005 would be June 23, 2005 to July 2, 2005.

12.     Had Nelson remained on FMLA leave through July 2, 2005, he would not have exhausted his 12 weeks of FMLA leave.

13.     On June 1, 2005, Ms. Rutledge completed the DOL standardized Employer Response to Employee form.  Ms. Rutledge notes on the form that the Certification of Health Care Provider form was provided May 26, 2005.

14.     On June 7, 2005, Ms. Karen M. Jarrell sent a letter to Mr. Nelson stating that he was fired effective June 3, 2005 for not showing up to work for three consecutive days.

15.     On June 21, 2005, Bob Baskett, Mr. Nelson's attorney at the time, sent a letter notifying UTD of its error and requesting a meeting.  Although Mr. Nelson's twelve weeks of FMLA leave had not expired, UTD refused to correct its error, refused to reinstate Mr. Nelson, and refused to meet with Mr. Baskett.

IV.
VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

16.     Mr. Nelson is an eligible employee under the FMLA.  Mr. Nelson for a year prior to April 25, 2005.  In the year preceding April 25, 2005, Mr. Nelson worked 1,250 hours.

17.     UTD is a qualifying employer under the act.  Mr. Nelson's worksite was 800 West Campbell Rd., Richardson, TX 75080.  UTD had fifty employees within seventy-five miles of Mr. Nelson's worksite.  UTD is a public agency, a term that includes state governments, political subdivisions, and agencies.

18.     Mr. Nelson was entitled to leave for his own serious health condition.  Mr. Nelson had a period of incapacity of more than three calendar days.  Mr. Nelson sought treatment two or more times by a health care provider.  Mr. Nelson sought treatment at least once by a health care provider that resulted in a regimen of continuing treatment under the supervision of the health care provider.

19.     Mr. Nelson was entitled to up to twelve weeks of FMLA leave starting April 25, 2005.

20.     Mr. Nelson was eligible for leave on June 1, 2005, June 2, 2005, and June 3, 2005.

21.     UTD fired Mr. Nelson effective June 3, 2005.  Ms. Jarrell and Ms. Rutledge had authority over Mr. Nelson and made the ultimate decision to terminate Mr. Nelson.

22.     UTD, Ms. Jarrell, and Ms. Rutledge interfered with, restrained, or denied the exercise of or the attempt to exercise Mr. Nelson personal leave rights under the FMLA.

23.     UTD, Ms. Jarrell, and Ms. Rutledge discharged or otherwise discriminated against Mr. Nelson exercising and attempting to exercise his personal leave rights under the FMLA.

24.     Mr. Nelson was entitled to return to the same position he held when his leave commenced, or an equivalent position with equivalent benefits, pay, and other terms and conditions of employment.

25.     Defendants refused to reinstate Mr. Nelson at the conclusion of his FMLA leave.

## V.
## DAMAGES

26.     Mr. Nelson seeks injunctive relief:

a.      That he be restored to an equivalent position;

b.      That he be given the seniority and status that he would have if he had not been terminated on July 2, 2009 and had instead returned to work from FMLA leave;

c.      That UTD provide adequate training to HR personnel regarding FMLA leave;

d.      That UTD expunge Mr. Nelson's record of absenteeism or being absent without leave in connection with his 2005 FMLA absence;

e.      That UTD not label, mark, or grade Mr. Nelson as not eligible for rehire.

f.      That any employees responsible for violating Mr. Nelson's FMLA leave rights apologize to Mr. Nelson.

27.     Mr. Nelson seeks declaratory judgment that UTD violated his FMLA leave rights.

## VI.
## CONDITIONS PRECEDENT

28.     All conditions precedent to the bringing of this suit have been satisfied or have been fulfilled.

## VII.
## JURY DEMAND

29.     Plaintiff demands a trial by jury and has tendered the appropriate fee.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and that upon a trial on the merits that Plaintiff be awarded the relief requested in this Complaint and such other and further relief to which he may be justly entitled.

Respectfully submitted,

By: */s/ Robert J. Wiley*
Robert J. Wiley
Texas Bar No. 24013750
*Board Certified Specialist – Labor & Employment Law, Texas Board of Legal Specialization*
Hannah E. Cummings
Texas Bar No. 24065103
ROB WILEY, P.C.
1825 Market Center Blvd., Ste. 385
Dallas, Texas 75207
Telephone: (214) 528-6500
Facsimile:  (214) 528-6511
rwiley@robwiley.com
Attorneys for Plaintiff

CERTIFICATE OF SERVICE

I certify that on July 14, 2009, I served a copy of the foregoing on Lars Hagan, Assistant Attorney General, via First Class Mail and electronically.

*/s/ Robert J. Wiley*
Robert J. Wiley